**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES MORSE BARKER, III, | No. 15-15260 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00236-LEK-BMK |
| and | |
| DOES, 1-10, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| JOSHUA L. GOTTLIEB; et al., | |
| Defendants-Appellees, | |
| and | |
| ROES 1-25, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted August 9, 2017**

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision

Before:      SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Charles Morse Barker, III, appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising out of the purchase and development of real estate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Barker's claim for violation of federal securities laws because Barker failed to allege facts sufficient to show that defendants offered or sold the securities in question to him. *See id.* at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Barker's state law claims because Barker failed to allege facts sufficient to state a plausible claim for relief, including that Barker personally suffered harm as a result of defendants' conduct. *See id.*; *Hanabusa v. Lingle*, 198 P.3d 604, 610 (Haw. 2008) (setting forth standing requirements under Hawaii law); *Chambrella v. Rutledge*, 740 P.2d 1008, 1013-14 (Haw. 1987) ("Where the basis of the action is a wrong to the corporation, redress

without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                                          15-15260

must be sought in a derivative action.") (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing Barker's new claims in the third amended complaint, added in violation of the district court's order and after the deadline set forth in the pretrial scheduling order, because Barker failed to demonstrate good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement to modify a scheduling order). Because the district court indicated that the dismissal of the new claims was not a ruling on the merits, we treat the dismissal of these claims as being without leave to amend, but without prejudice to bringing these claims in a new action.

The district court did not abuse its discretion in denying Barker's motions for reconsideration because Barker failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We reject as without merit Barker's contentions that the district court erred in not allowing discovery to proceed, and failing to sanction defendants or intervene in the property transaction.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**